UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE OF MICHIGAN,

                Plaintiff,

                              CIVIL CASE NO. 06-10230

v.

VIVIAN HYMON-EL,                 HONORABLE PAUL V. GADOLA
                                                 U.S. DISTRICT COURT
                Defendant.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

Before the Court is Defendant's motion for reconsideration, filed on March 9, 2006. Defendant requests this Court to reconsider its February 16, 2006 order determining that the Court does not have jurisdiction over Defendant's claims and remanding them to state court.

Local Rule 7.1(g) for the Eastern District of Michigan provides for rehearing and reconsideration of a Court's order or judgment. The rule states:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(g)(3).

The Court notes that a motion for reconsideration "must be filed within 10 days after entry of the judgment or order." E.D. Mich. Local R. 7.1(g)(1). This mandatory language indicates that the Court does not have discretion to allow delayed motions for reconsideration. The order which Plaintiff seeks to have reconsidered was filed on February 16, 2006. More than ten business passed

before Plaintiff filed this request for reconsideration. Plaintiff's motion does not articulate reasons for the delay.

Furthermore, the Court may only grant reconsideration in limited circumstances. To succeed on a motion for reconsideration "[t]he movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also must show that correcting the defect will result in a different disposition of the case." E.D. Mich. Local R. 7.1(g)(3). A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest, or plain." *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001) (Gadola, J.). After reviewing all relevant materials, the Court concludes that Plaintiff fails to identify a palpable defect and is simply seeking a reconsideration of the Court's order remanding Plaintiff's claims. "Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L. R. 7.1(g)(3).

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration [docket entry 5] is **DENIED**.

**SO ORDERED.**

Dated:   April 12 2006              s/Paul V. Gadola
                                    HONORABLE PAUL V. GADOLA
                                    UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   April 12, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                                                                                                                                         ,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:        Vivian Hymon-El              .


                                                          s/Ruth A. Brissaud
                                                          Ruth A. Brissaud, Case Manager
                                                          (810) 341-7845